## SMITH *v.* SMITH.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.

> The firm of M. & N., as successors of M. & H., assumed a debt due from M. & H. to one J., and gave H., the retiring partner, a note for the amount of the debt to J. Afterwards M. & N. made an assignment for the benefit of creditors, in which the note given to H. was preferred, but the inventory specified the debt preferred to be on the note held by J. *Held*, that such preference, being to secure the debt due to J., was not fraudulent.

Appeal from judgment on report of referee.

Action by Gideon F. Smith, as assignee for the benefit of creditors of Isaac Mosbacher and Samuel W. Newey, against Frank Smith. There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Nathan D. Petty*, for appellant. *Wilmot M. Smith*, for respondent.

BARNARD, P. J. The plaintiff proves a title to the goods in question by virtue of a general assignment made by Mosbacker & Newey to him for the benefit of creditors, dated 12th of December, 1888. After he had taken possession of the property under the assignment, the defendant, a deputy-sheriff of Suffolk county, by virtue of an execution on a judgment against the assignors, took from the plaintiff goods of the value of $649.10. The issue is whether the assignment was made with intent to hinder, delay, and defraud the creditors of the assignors. The referee found in favor of the validity of the assignment, and this appeal is from the judgment entered upon his report. The firm of Mosbacker & Newey were successors of Mosbacker & Howell. Howell sold out his interest in the property and business to Newey, November 10, 1887. The firm of Mosbacker & Howell then owed one Massury $1,000 for borrowed money. This debt was assumed by the new firm, and it was a question of fact whether at the formation of the new firm a note was given to the retiring partner, Howell, for $500, the amount remaining due to Massury after closing up his accounts with the old firm, and after a money payment made therein by the new firm of $500. There is no difference as to the fact of the promise made by the new firm to pay this balance, but the assignment prefers Howell for a debt, and it is claimed that the preference should have been to Massury, who held the note. The inventory specifies the debt to be upon the note held by Massury. Whether the preference be given to Howell or Massury, it is the debt which is preferred, and clearly Howell has

a right to enforce its payment to either himself, under agreement with the assignee, or to Massury, who held the note. There was no error, therefore, in the finding of the referee that the preference to Howell was not fraudulent, especially as he finds that Howell held the note of the two partners for the Massury balance. The case shows that between the 28th of September, 1888, and December 12, 1888, the date of the assignment, no books were kept showing receipts and disbursements of the firm. It was found by the referee that the firm had between these dates received from collections $1,341.50, and from cash sales $800; $241 in cash was handed over to the assignee. The books were solely kept by Mosbacker. He testifies: "I paid bills with the receipts of the store between September 1, 1888, to December 15th, as fast as I got it." The books showed the amounts drawn out by the partners during this period for cash, but the exhibit is not returned, (Exhibit C.) The testimony of Mosbacker is that between these dates the daily balances were kept on cash slips in the drawer, and did not go upon the books; that the bills due creditors were filed, each one separately, and payments were entered on the firm's book. This book No. 2 is not returned. The collection for goods sold on credit did in fact appear upon the books in another form, and Mosbacker stated it exactly as found by the referee. The amount of the payment to Valentine & Berger is not proven. The referee does not find that the assignee kept back any money or property. He has found that the assignment was valid, and has refused to find that it was executed with an intent to hinder, delay, and defraud creditors. The point taken on the trial that the assignment did not conform to chapter 294, Laws 1888, is not now presented by appellant. The firm of Mosbacker & Newey agreed to pay the debt of A. C. Howell & Co., and a preference of these debts was a preference of the debt of assignor. The judgment should be affirmed, with costs.